**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| INTERTRUST TECHNOLOGIES CORP.,<br><br>*Plaintiff*,<br><br>v.<br><br>CINEMARK HOLDINGS, INC.,<br><br>*Defendant*, | § § § § § § § § § § § § | **CIVIL ACTION NO. 2:19-CV-00266-JRG<br>LEAD CASE** |
| AMC ENTERTAINMENT HOLDINGS INC.,<br><br>*Defendant*, | § § § § § § | **CIVIL ACTION NO. 2:19-CV-00265-JRG<br>MEMBER CASE** |
| REGAL ENTERTAINMENT GROUP,<br><br>*Defendant*. | § § § § § | **CIVIL ACTION NO. 2:19-CV-00267-JRG<br>MEMBER CASE** |

**FIRST AMENDED DOCKET CONTROL ORDER**

It is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| **Current Date** | **Amended Date** | **Event** |
|---|---|---|
| January 4, 2021 | Unchanged | *Jury Selection – 9:00 a.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
| November 30, 2020 | Unchanged | * If a juror questionnaire is to be used, an editable (in Microsoft Word format) questionnaire shall be jointly submitted to the Deputy Clerk in Charge by this date.[1] |

---

[1] The Parties are referred to the Court's Standing Order Regarding Use of Juror Questionnaires in Advance of *Voir Dire.*

| **Current Date** | **Amended Date** | **Event** |
|---|---|---|
| November 30, 2020 | December 7, 2020 | *Pretrial Conference – 9:00 a.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
| November 23, 2020 | December 2, 2020 | *Notify Court of Agreements Reached During Meet and Confer

The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
| November 23, 2020 | November 30, 2020 | *File Responses to Motions in *Limine* |
| November 23, 2020 | Unchanged | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations |
| November 16, 2020 | Unchanged | *File Notice of Request for Daily Transcript or Real Time Reporting.

If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shelly Holmes, at shelly_holmes@txed.uscourts.gov. |
| November 13, 2020 | November 23, 2020 | File Motions *in Limine*

The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| November 13, 2020 | November 30, 2020 | Serve Objections to Rebuttal Pretrial Disclosures |
| November 6, 2020 | November 23, 2020 | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |

| **Current Date** | **Amended Date** | **Event** |
|---|---|---|
| October 23, 2020 | November 13, 2020 | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| October 20, 2020 | November 25, 2020 | *Response to Dispositive Motions (including *Daubert* Motions). Responses to dispositive motions that were filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e), not to exceed the deadline as set forth in this Docket Control Order.[2] Motions for Summary Judgment shall comply with Local Rule CV-56. |
| October 5, 2020 | November 11, 2020 | *File Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |
| October 5, 2020 | November 11, 2020 | *File Dispositive Motions<br><br>No dispositive motion may be filed after this date without leave of the Court.<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7. Motions to extend page limits will only be granted in exceptional circumstances.  Exceptional circumstances require more than agreement among the parties. |
| September 21, 2020 | November 6, 2020 | Deadline to Complete Expert Discovery |
| September 4, 2020 | October 27, 2020 | Serve Disclosures for Rebuttal Expert Witnesses |

---

[2] The parties are directed to Local Rule CV-7(d), which provides in part that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." If the deadline under Local Rule CV 7(e) exceeds the deadline for Response to Dispositive Motions, the deadline for Response to Dispositive Motions controls.

| **Current Date** | **Amended Date** | **Event** |
|---|---|---|
| August 14, 2020 | October 13, 2020 | Deadline to Complete Fact Discovery and File Motions to Compel Discovery |
| August 14, 2020 | October 13, 2020 | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| July 10, 2020 | Unchanged | Comply with P.R. 3-7 (Opinion of Counsel Defenses) |
| June 16, 2020 | Unchanged | *Claim Construction Hearing – 1:30 p.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
| June 2, 2020 | Unchanged | *Comply with P.R. 4-5(d) (Joint Claim Construction Chart) |
| May 22, 2020 | Unchanged | *Comply with P.R. 4-5(c) (Reply Claim Construction Brief) |
| May 15, 2020 | Unchanged | Comply with P.R. 4-5(b) (Responsive Claim Construction Brief) |
| May 8, 2020 | July 7, 2020 | Deadline to Substantially Complete Document Production and Exchange Privilege Logs<br><br>Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. |
| May 1, 2020 | Unchanged | Comply with P.R. 4-5(a) (Opening Claim Construction Brief) and Submit Technical Tutorials (if any)<br><br>Good cause must be shown to submit technical tutorials after the deadline to comply with P.R. 4-5(a). |
| April 22, 2020 | Unchanged | Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery) |

**(\*) indicates a deadline that cannot be changed without showing good cause.  Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.**

## ADDITIONAL REQUIREMENTS

**Mediation:** While certain cases may benefit from mediation, such may not be appropriate for every case. The Court finds that the Parties are best suited to evaluate whether mediation will benefit the case after the issuance of the Court's claim construction order. Accordingly, the Court **ORDERS** the Parties to file a Joint Notice indicating whether the case should be referred for mediation **within fourteen days of the issuance of the Court's claim construction order**. As a part of such Joint Notice, the Parties should indicate whether they have a mutually agreeable mediator for the Court to consider. If the Parties disagree about whether mediation is appropriate, the Parties should set forth a brief statement of their competing positions in the Joint Notice.

**Summary Judgment Motions, Motions to Strike Expert Testimony, and *Daubert* Motions:**  For each motion, the moving party shall provide the Court with two (2) hard copies of the completed briefing (opening motion, response, reply, and if applicable, sur-reply), excluding exhibits, in D-three-ring binders, appropriately tabbed.  All documents shall be single-sided and must include the CM/ECF header.  These copies shall be delivered to the Court within three (3) business days after briefing has completed.  For expert-related motions, complete digital copies of the relevant expert report(s) and accompanying exhibits shall be submitted on a single flash drive to the Court.  Complete digital copies of the expert report(s) shall be delivered to the Court no later than the dispositive motion deadline.

**Indefiniteness:**  In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

**Motions for Continuance:** The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(a)   The fact that there are motions for summary judgment or motions to dismiss pending;

(b)   The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c)   The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**Amendments to the Docket Control Order ("DCO"):**  Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO.  The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged).  In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining

deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**Proposed DCO:** The Parties' Proposed DCO should also follow the format described above under "Amendments to the Docket Control Order ('DCO')."

**Joint Pretrial Order:** In the contentions of the Parties included in the Joint Pretrial Order, the Plaintiff shall specify all allegedly infringed claims that will be asserted at trial. The Plaintiff shall also specify the nature of each theory of infringement, including under which subsections of 35 U.S.C. § 271 it alleges infringement, and whether the Plaintiff alleges divided infringement or infringement under the doctrine of equivalents. Each Defendant shall indicate the nature of each theory of invalidity, including invalidity for anticipation, obviousness, subject-matter eligibility, written description, enablement, or any other basis for invalidity. The Defendant shall also specify each prior art reference or combination of references upon which the Defendant shall rely at trial, with respect to each theory of invalidity. The contentions of the Parties may not be amended, supplemented, or dropped without leave of the Court based upon a showing of good cause.

**So ORDERED and SIGNED this 5th day of May, 2020.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE