# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| INTERTRUST TECHNOLOGIES CORP., | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 2:19-cv-266 |
| | § | (LEAD CASE) |
| CINEMARK HOLDINGS, INC., | § | |
| *Defendant.* | § | |
| | § | |
| INTERTRUST TECHNOLOGIES CORP., | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 2:19-cv-265 |
| | § | |
| AMC ENTERTAINMENT HOLDINGS, | § | |
| INC., | § | |
| *Defendant.* | § | |
| | § | |
| INTERTRUST TECHNOLOGIES CORP., | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 2:19-cv-267 |
| | § | |
| REGAL ENTERTAINMENT GROUP, | § | |
| *Defendant.* | § | |
| | § | |

**DEFENDANTS AMC ENTERTAINMENT HOLDINGS, INC.,
CINEMARK HOLDINGS, INC., AND REGAL ENTERTAINMENT GROUP'S
MOTION FOR SUMMARY JUDGMENT BASED ON INTERTRUST'S
<u>FAILURE TO COMPLY WITH 35 U.S.C. § 287</u>**

# TABLE OF CONTENTS

I.      STATEMENT OF ISSUES TO BE DECIDED ................................................................ 2

II.     STATEMENT OF UNDISPUTED MATERIAL FACTS ............................................... 2

III.    LEGAL STANDARD ................................................................................................... 5

IV.     ARGUMENT ................................................................................................................ 6

    A.    Intertrust is Precluded From Recovering Damages for Infringement of the '157 Patent ................................................................................................................... 6

    B.    Intertrust Is Precluded From Recovering Damages for Infringement of the '158 and '721 Patents ...................................................................................................... 10

        1.   Intertrust's Assertion of Apparatus Claims From the '158 and '721 Patent Against ██████████████ Triggered the Notice Requirements of § 287. ................... 10

        2.   Intertrust's Failure to Comply With the Marking Provisions of § 287 or Provide Actual Notice Before the '158 and '721 Patents Expired Precludes Recovery of Damages for Infringement of Those Patents. ........................................................ 14

    C.    Intertrust Should Also Be Precluded From Recovering Pre-Notice Damages for Infringement of the Remaining Asserted Patents. ...................................................... 15

        1.   The Proper Inquiry Regarding Applicability of the § 287 Notice Requirements Should Be Whether There Is A Patented Article To Mark. .................................... 16

        2.   The Marking Requirements of § 287 Should Apply to the '304, '815, '602, '603, '342, '106, and '627 Patents Because There Are Tangible Articles Covered by the Patents. ............................................................................................................... 19

        3.   Intertrust's Failure to Comply With the Marking Provisions of § 287 Should Preclude Recovery of Pre-Notice Damages for Infringement of the '304, '815, '602, '603, '342, '106, and '627 Patents ............................................................................. 20

V.      CONCLUSION ............................................................................................................. 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
  694 F.3d 1312 (Fed. Cir. 2012)........................................................................................11

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
  No. CIV. A. 06-11109-RWZ, 2008 WL 697703 (D. Mass. Feb. 8, 2008) .............................18

*Am. Med. Sys., Inc. v. Med. Eng. Corp.*,
  6 F.3d 1523 (Fed. Cir. 1993)..........................................................7, 8, 10, 11, 15, 17, 18, 21

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017)...................................................................................6, 7, 8

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
  950 F.3d 860 (Fed. Cir. 2020).................................................6, 7, 10, 15, 19, 20, 21

*Core Optical Techs., LLC v. Juniper Networks, Inc.*,
  No. 8:19-cv-02198 ......................................................................................................13, 18

*Crawford v. Formosa Plastics Corp., La.*,
  234 F.3d 899 (5th Cir. 2000) .................................................................................................5

*Crown Packaging Tech., Inc. v. Rexam Bev. Can Co.*,
  559 F.3d 1308 (Fed. Cir. 2009)..................................................................................12, 15, 16

*Dunlap v. Schofield*,
  152 U.S. 244 (1894)...............................................................................................................6

*Gart v. Logitech, Inc.*,
  254 F.3d 1334 (Fed. Cir. 2001)..................................................................5, 8, 10, 11, 15, 21

*Hanson v. Alpine Valley Ski Area, Inc.*,
  718 F.2d 1075 (Fed. Cir. 1983)..........................................................................................12

*Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*,
  No. 2:16-CV-00052-JRG-RSP, 2017 WL 4183103 (E.D. Tex. Sep. 4, 2017)............10, 13, 19

*Intellectual Ventures II LLC v. Sprint Spectrum, LP*,
  No. 2:17-CV-662, 2019 WL 2959568 ...................................................................................15

*Invitrogen Corp. v. Biocrest Mfg., L.P.*,
  A-01-CA-167-SS, 2006 WL 8435710 (W.D. Tex. Oct. 31, 2006)........................................18

*Lans v. Digital Equip. Corp.*,
  252 F.3d 1320 (Fed. Cir. 2001)...................................................................5, 6, 7, 9, 15, 21

*Merck & Co. v. Mediplan Health Consulting, Inc.*,
  434 F. Supp. 2d 257 (S.D.N.Y. 2006)...................................................................................18

*Nike, Inc. v. Wal-Mart Stores, Inc.*,
    138 F.3d 1437 (Fed. Cir. 1998)........................................................................10, 19

*Osteotech, Inc. v. Regeneration Techs., Inc.*,
    No. CIV-A-306-CV-04249-FLW, 2008 WL 4449564 (D.N.J. Sept. 25, 2008)....................13

*Philips Elecs. N. Am. Corp. v. Contec Corp*,
    312 F. Supp. 2d 649, 651 (D. Del. 2004)............................................................18

*Qualcomm Inc. v. Apple Inc.*,
    No. 17CV1375 .............................................................................1, 4, 8, 11

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
    853 F.3d 1370 (Fed. Cir. 2017)..........................................................12, 13, 19, 20

*Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*,
    No. CV-16-284-LPS-CJB, 2018 WL 7893901 (D. Del. Dec. 17, 2018) ................................13

*Unwired Planet, LLC v. Apple Inc.*,
    No. 13-CV-04134-VC, 2017 WL 1175379 (N.D. Cal. Feb. 14, 2017) ..................................13

*Weatherford Tech. Holdings, LLC v. Tesco Corp.*,
    No. 2:17-CV-00456-JRG, 2018 WL 6787356 (E.D. Tex. Nov. 14, 2018)..............................13

*Wine Ry. Appliance Co. v. Enterprise Ry. Equip. Co.*,
    297 U.S. 387 (1936)....................................................................................19, 20

## Rules and Statutes

35 U.S.C. § 154 ...........................................................................................3

35 U.S.C. § 287 ................................................................................... *passim*

In view of Plaintiff Intertrust Techs. Corp.'s ("Intertrust") licensees having made and sold unmarked products alleged to infringe the asserted patents—including Sony's DCI-certified theater system and the products accused of infringement in ████████████—35 U.S.C. § 287 precludes Intertrust from recovering damages before providing actual notice of alleged infringement.  Intertrust cannot meet its burden of proving that it was not obligated to mark or that it provided constructive notice through marking.   Indeed, ████████████████████ ████████████████████.  Additionally, Intertrust concedes that it did not provide actual notice until April 2018.  Accordingly, Defendants move for summary judgment that § 287 (1) bars Intertrust's recovery of any damages as to certain Asserted Patents[1] that expired before April 2018, and (2) precludes Intertrust from recovering damages for infringement before April 2018 as to the remaining Asserted Patents.

The notice requirements of § 287 apply when a patentee has asserted apparatus claims from the patent at issue (either in the current or prior litigation) and a tangible product that could be marked exists—as is the case with the '157, '158, and '721 Patents.  Because Intertrust neither alleges nor can show constructive notice, and the patents expired before Intertrust provided actual notice to Defendants, § 287 bars Intertrust from recovering damages for infringement of the '157, '158, and '721 Patents.

Although Defendants acknowledge that Intertrust has not previously asserted in litigation apparatus claims from the remaining Asserted Patents—'304, '815, '602, '603, '342, '106, and '627 Patents—Intertrust should nonetheless be barred from obtaining damages for any alleged infringement that occurred before Intertrust provided Defendants with actual notice.  These Patents

---

[1] The Asserted Patents include U.S. Patent Nos. 6,157,721 ("the '721 Patent"); 6,640,304 ("the '304 Patent"); 6,785,815 ("the '815 Patent"); 7,340,602 ("the '602 Patent"); 7,406,603 ("the '603 Patent"); 7,694,342 ("the '342 Patent"); 8,191,157 ("the '157 Patent"); 8,191,158 ("the '158 Patent"); 8,931,106 ("the '106 Patent"); and 9,569,627 ("the '627 Patent").

include both method and apparatus claims, and licensed products exist but were not marked as required under § 287.  To find otherwise would be contrary to the purpose of the marking statute, which is intended to provide protection against deception by unmarked products.  Further, the '304 Patent expired prior to actual notice and thus, no pre- or post-notice damages are available with respect to that patent.

## I.      STATEMENT OF ISSUES TO BE DECIDED

1.      Whether Intertrust is precluded from recovering damages for infringement of the '157 Patent where: (i) Intertrust asserted apparatus claims of the '157 Patent at the outset of this litigation and through claim construction; (ii) Intertrust does not contend it complied with § 287 in connection with products licensed under the '157 Patent, and (iii) the '157 Patent expired before Intertrust provided actual notice to Defendants.

2.      Whether Intertrust is precluded from recovering damages for infringement of the '158 and '721 Patents where:  (i) these patents include apparatus claims that Intertrust asserted in prior litigation, (ii) Intertrust does not contend it complied with § 287 in connection with products licensed under these patents (*i.e.*, the products of prior litigants that are now licensed), and (iii) these patents expired before Intertrust provided actual notice to Defendants.

3.      Whether Intertrust is precluded from recovering pre-notice damages for infringement of the '304, '815, '602, '603, '342, '106, and '627 Patents where: (i) these patents include apparatus claims; (ii) tangible products licensed under these patents exist and could be marked; and (iii) Intertrust does not contend it complied with § 287 in connection with products licensed under these patents.

## II.     STATEMENT OF UNDISPUTED MATERIAL FACTS

Intertrust filed suit against Defendants in August 2019 alleging that Defendants infringe the Asserted Patents through their use of DCI-certified theater systems.  Dkt. 1 (filed Aug. 7, 2019).

- 2 -

Intertrust has not alleged or identified any evidence that ███████████████████
████████████████████████████████████████████████. Declaration of
Stephanie DeBrow ("DeBrow Decl.") at Ex. 1 (discovery response stating that ████████████
████████████████████████████████████████████████). Intertrust
contends it provided actual notice of Defendants' alleged infringement in April 2018. Dkt. 1 at ¶¶
88, 93. The '157, '158, '304, and '721 Patents expired before the alleged notice of infringement
in April 2018. DeBrow Decl. at Ex. 2, Ex. 3(a).[2]

All of the Asserted Patents include both method and apparatus claims. *Id.* at ¶ 4, Ex. 3.
With respect to the '157 Patent, Intertrust asserts both method and apparatus claims against
Defendants. *Id.* at ¶¶ 5–7, Exs. 4–6. With respect to the remaining Asserted Patents, Intertrust
asserts only method claims against the Defendants. *Id.* at Exs. 4–6. As explained below, Intertrust
previously asserted apparatus claims from the '157, '158, and '721 Patents in litigation against
████████████████████████████████. *Id.* at Exs. 10, 13.

Intertrust licensed all patents Intertrust "at any time owns"—which necessarily includes all
the Asserted Patents—to Sony Corporation and its affiliates[3] ████████████████████
████████████████. *Id.* at Ex. 7; *see also id.* at ¶ 8. Sony subsequently sold to Defendants AMC
and Regal (and/or their predecessors) unmarked DCI-certified theater systems, including image
media blocks ("IMBs") with integrated projectors, associated screen management systems
("SMSs"), and theater management systems ("TMSs"). *Id.* at Exs. 8–9 (AMC and Regal
declarations attesting to the purchase of unmarked Sony projectors and IMBs).

---

[2] Because the '721 Patent does not claim priority to an earlier filing date or benefit from any patent
term extension, it expired in August 2016 (*i.e.*, 20 years from the date on which the application
was filed). *See* 35 U.S.C. § 154.

[3] *See* DeBrow Decl. at Ex. 7 (████████████████████████████████████████
████████████████████████.

DCI-certified theater systems—including those sold by Sony—are the very systems accused of infringement in this litigation.   In its infringement contentions, Intertrust identifies "DCI-compliant Digital Cinema systems" as "Accused Instrumentalities."  *Id.* at Exs. 4–6; *see also id.* at ¶¶ 5(b), 6(b), 7(b).  Attached as an exhibit to its infringement contentions, Intertrust provided "[a] list of DCI-compliant equipment" that includes Sony products sold to Defendants AMC and Regal.  *Id.* at Exs. 4–6.  And in its discovery responses, Intertrust asserts that ███████████████

████████████████████████████████████████████████████████ *Id.* at Ex. 1; *see also id.* at ¶ 2(a)

Intertrust also licensed the Asserted Patents to a number of other companies, including

████████████████████████████████████████████████████████████

████████████████████████████████████████████

*Id.* at Exs. 10–11, 13–14; *see also id.* at ¶¶ 10–11, 13–14.  In its litigation against ███████████

████████████████████████████████, Intertrust asserted apparatus claims of the '157 and '158 Patents.  *Id.* at Ex. 10.  These apparatus claims were asserted against physical products, *e.g.*, ██████████████████.  *Id.* ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████  *Id.* at Ex. 11.  Thereafter, ████████ continued to sell the products that had been accused of infringing the Asserted Patents.[4]

Similarly, in its prior litigation against ████████████████████████

████████████████████, Intertrust asserted apparatus claims of the '721 Patent.  *Id.* at Ex. 13.

---

[4] ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████

The apparatus claims were asserted against physical products, *e.g.*  . *Id.*

*Id.* at Ex. 14.  Thereafter, continued to sell the products that had been accused of infringing the Asserted Patents.[5]

## III.   LEGAL STANDARD

Summary judgment must be granted when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  Once the moving party identifies those portions of the record that demonstrate the absence of a genuine issue of material fact, the non-moving party bears the burden of coming forward with evidence sufficient for "a reasonable jury [to] return a verdict for the non-moving party." *Crawford v. Formosa Plastics Corp., La.*, 234 F.3d 899, 902 (5th Cir. 2000).

Under 35 U.S.C. § 287, "[w]hen a patented article has been produced by a patentee or its licensee, the amount of damages the patentee can recover in an infringement suit is statutorily limited to those acts of infringement that occurred after the patentee gave the alleged infringer 'notice of infringement.'"  *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed. Cir. 2001) (citing 35 U.S.C. § 287(a)); *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1326 (Fed. Cir. 2001) (noting that, under § 287(a), if the patentee (or its licensee) "fails to mark properly products within the scope of the patent," damages are limited to the period after the patentee provided actual notice of

[5] 

- 5 -

infringement).   The notice requirements of § 287 can be satisfied by providing either (1) constructive notice by marking patented articles sold by the patentee or its licensees or (2) actual notice of alleged infringement.  *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020) ("*Arctic Cat II*"); 35 U.S.C. § 287(a).  Importantly, notice must be provided before expiration of the patent at issue.  *Lans*, 252 F.3d at 1328.  This is so because, "[i]n the event of failure so to mark," § 287 bars the recovery of damages absent "proof that the infringer was notified of infringement and continued to infringe thereafter."   35 U.S.C. § 287(a).  A defendant cannot "continue[] to infringe" following post-expiration notice because an expired patent cannot be infringed.  *Lans*, 252 F.3d at 1328.

An alleged infringer challenging a patentee's compliance with § 287 "bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287."  *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017) ("*Arctic Cat I*").  This is a "low bar" which only requires the alleged infringer to "put the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent."  *Id.*  However, "[t]he patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement," *Id*. at 1366, or proving that the identified products "do not practice the patented invention," *Id.* at 1368.  The ultimate burden rests on the patentee because "[w]hether a patentee's articles have been marked 'is a matter peculiarly within his own knowledge. . . .'"  *Id*. at 1366 (quoting *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894)).

## IV.   ARGUMENT

### A.   Intertrust is Precluded From Recovering Damages for Infringement of the '157 Patent.

It is well settled that the notice requirements of § 287 apply when a patentee expressly asserts apparatus claims from the patent at issue in the current litigation and there exists a patented

article that could have been marked.  *Am. Med. Sys., Inc. v. Med. Eng. Corp.*, 6 F.3d 1523, 1538–39 (Fed. Cir. 1993) (holding that the patentee was required to mark its product where "both apparatus and method claims . . . were asserted and there was a physical device produced by the claimed method that was capable of being marked").  A patentee that fails to comply—either by providing constructive notice through marking or actual notice before the expiration of the patent—is precluded from recovering damages for infringement of the relevant patent.  35 U.S.C. § 287(a); *see also Arctic Cat II*, 950 F.3d at 864; *Lans*, 252 F.3d at 1328.

The undisputed facts demonstrate that Intertrust cannot meet its burden of proving compliance with the marking requirements of § 287 and thus entitlement to pre-notice damages. Defendants identified products that trigger a marking requirement, namely DCI-certified theater systems of Sony and ██████████████████████████████████████.  *See* Dkt. Nos. 55–57 (setting forth Defendant's "Third Affirmative Defense: Failure to Mark").  ████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ████████  DeBrow Decl. at Ex. 1 (discovery response stating that █████████████ ██████████████████████████████████████████████████████████████ ████████).  This is not surprising given that Intertrust has taken the position that the products identified by Defendants ***do*** practice the claims of the '157 patent.  *See supra* Section II (citing Intertrust's infringement contentions in this litigation).  ████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ DeBrow Decl. at Ex. 1 (Intertrust discovery response).  It is therefore clear that Intertrust cannot meet its burden of providing entitlement to pre-notice damages under § 287 in view of the unmarked products identified by Defendants.  *Arctic Cat I*, 876 F.3d at 1368.

Moreover, although it is not Defendants' burden to prove lack of entitlement to pre-notice damages, the undisputed facts are sufficient to do so.  The notice requirements of § 287 are applicable to the '157 Patent because Intertrust has asserted apparatus claims from the '157 Patent and patented articles exist that could have been marked.[6]  *See Am. Med.*, 6 F.3d at 1538–39; *Gart*, 254 F.3d at 1345.  As explained above, Intertrust expressly asserts that Defendants infringe apparatus claims of the '157 Patent and Intertrust also previously asserted apparatus claims from the '157 Patent in the ███ Action.  *See supra* Section II.  Intertrust's licensees—including, but not limited to, Sony and ███—made and sold patented articles that could have been marked. Specifically, Sony has offered for sale and even sold to Defendants DCI-certified theater systems, the very system that Intertrust contends to practice the claims of the '157 Patent and ████████ ████████████ .  *See supra* Section II.  Similarly, after entering into a license agreement with Intertrust, ███ continued to sell products, e.g., ████████████, that Intertrust asserted in the ███ Action infringe apparatus claims of the '157 Patent.  *See supra* Section II.  Given that Intertrust itself has asserted that the Sony and ███ products infringe the claims of the '157 Patent, it cannot argue that those products are not "patented article[s]" subject to the notice requirements of § 287.[7]

---

[6] Indeed, in its discovery correspondence, Intertrust tacitly concedes this point with respect to the '157 Patent.  *See* DeBrow Decl. at Ex. 13 (asserting that because "all of the asserted claims of all asserted patents *except* the '157 Patent are method claims, . . . *for those patents*, the marking requirements of § 287 do not apply" (emphasis added)).

[7] The fact that Defendants dispute whether DCI-certified theater systems provided by Sony and others practice the claims of the Asserted Patents is irrelevant because, once an alleged infringer who challenges compliance with § 287 identifies "the products it believes are unmarked patented articles subject to § 287[,] . . . the patentee bears the burden to prove the products identified do not practice the patented invention."  *Arctic Cat I*, 867 F.3d at 1368; *see also Qualcomm Inc. v. Apple Inc.*, No. 17CV1375 DMS(MDD), 2019 WL 448278, at *3–4 (S.D. Cal. Feb. 5, 2019) (holding that the defendant's identification of products as unmarked patented articles subject to § 287 shifts the burden to plaintiff regardless of whether defendant itself believes the products practice plaintiff's patents).

Nonetheless, Intertrust has ***not*** complied with the notice requirements of § 287 in connection with products licensed under the '157 Patent. ███████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████   DeBrow Decl. at Ex. 1; *see also supra* Section II.  As explained above, Intertrust licensed the Asserted Patents to Sony ███████████████████████████████,

and Sony subsequently sold to Defendants unmarked products that Intertrust expressly accused of infringing the apparatus claims of the '157 Patent.[8]  *See supra* Section II.  The same is true of Intertrust's license to ███████████████████████████████████████.

*See supra* Section II.  Thereafter, █████   continued to sell the products Intertrust accused of infringing the '157 Patent, *see supra* Section II, and █████████████████████████████

████████████████████.  Rather, ██████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████   DeBrow Decl. at Ex. 1. Thus, neither Intertrust nor its licensees can demonstrate that the licensed Sony or █████   products were marked as required under § 287.

With respect to actual notice, Intertrust does not contend it provided actual notice of its allegations with respect to the '157 Patent until April 2018, nearly two years after the '157 Patent expired.  *See supra* Section II.  As explained above, post-expiration notice is insufficient under § 287.  *Lans*, 252 F.3d at 1328.

---

[8]  Although Intertrust has since stipulated that "it will not seek any damages from, or allege infringement by, Defendants . . . [based on] a Sony image media block," *see* Dkt. 118, that stipulation does not negate its obligations under § 287.

Having failed to comply with the marking requirements of § 287 or provide notice of its allegations before the expiration of the '157 Patent, Intertrust is precluded from recovering any damages for infringement of the '157 Patent. *See* 35 U.S.C. § 287(a); *Arctic Cat II*, 950 F.3d at 864; *Gart*, 254 F.3d at 1345; *Am. Med.*, 6 F.3d at 1537.

**B.** **Intertrust Is Precluded From Recovering Damages for Infringement of the '158 and '721 Patents.**

1. **Intertrust's Assertion of Apparatus Claims From the '158 and '721 Patent Against ▮▮▮▮▮▮▮ ▮▮▮▮ Triggered the Notice Requirements of § 287.**

The notice requirements of § 287 are intended to "1) help[] to avoid innocent infringement," "2) encourage[] patentees to give notice to the public that the article is patented," and "3) aid[] the public to identify whether an article is patented." *Nike, Inc. v. Wal-Mart Stores, Inc.,* 138 F.3d 1437, 1443 (Fed. Cir. 1998) (citations omitted); *see also Arctic Cat II*, 950 F.3d at 865. To encourage marking, the statute requires "a patentee who has sold unmarked products to provide [actual] notice [of infringement] in order to begin recovering damages." *Arctic Cat II*, 950 F.3d at 865. These damages restrictions prevent patentees from "taking advantage of the deception that may arise from unmarked articles." *Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-CV-00052-JRG-RSP, 2017 WL 4183103, at *3 (E.D. Tex. Sep. 4, 2017), *report and recommendation adopted*, No. 2:16-CV-00052-JRG-RSP, 2017 WL 4251365 (E.D. Tex. Sept. 20, 2017).

In furtherance of these statutory objectives, the Federal Circuit has held that the notice requirements of § 287 are triggered where a patentee asserts apparatus claims and a patented article that could be marked exists. Specifically, in *American Medical*, the Court held that the notice requirements of § 287 were triggered where the patentee asserted "both apparatus and method claims," and "there was a physical device produced by the claimed method that was capable of being marked." 6 F.3d at 1538–39. And once triggered, the notice requirements apply to all claims

- 10 -

of the patent.  *Id.* (holding that because the notice requirements of § 287 had been  triggered, the patentee was "required to mark its product . . . in order to recover damages under its method claims prior to actual or constructive notice being given to [the alleged infringer]"); *see also ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1334 (Fed. Cir. 2012) (recognizing that "if a single patent contains both apparatus claims and method claims, the marking requirement applies to all the claims").

Here, the undisputed facts demonstrate that Intertrust asserted apparatus claims from the '158 and '721 Patents in the prior ███████████ Actions.  *See supra* Section II.  ███

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████      *See supra* Section II.  Thereafter,████████████████      continued to sell the products that had been accused of infringing in the ██████████ Actions.  *See supra* Section II.  Because Intertrust accused the licensed ████████████ products of infringing the '158 and '721 Patents, respectively, it cannot argue that those products are not "patented article[s]" under § 287.[9]  In sum, because Intertrust has asserted apparatus claims from the '158 and '721 Patents and patented articles exist (*i.e.*, products Intertrust itself accused of infringing and subsequently licensed under the patents), the notice requirements of § 287 apply and Intertrust is barred from recovering damages unless it can demonstrate actual or constructive notice.  *Am. Med.*, 6 F.3d at 1538–39; *see also Gart*, 254 F.3d at 1345.

In its discovery correspondence, Intertrust contends that, for all Asserted Patents "except the '157 Patent," the claims asserted in this litigation "are method claims, . . . for those patents, the marking requirements of § 287 do not apply."  DeBrow Decl. at Ex. 16.  To support this assertion,

---

[9] *See supra* n.7.

Intertrust relies on *Crown Packaging Tech., Inc. v. Rexam Bev. Can Co.*, 559 F.3d 1308 (Fed. Cir. 2009) and *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075 (Fed. Cir. 1983). *Id.* But those cases are limited to circumstances in which "the patentee only asserted method claims of a patent which included both method and apparatus claims." *Crown Packaging*, 559 F.3d at 1316; *Hanson*, 718 F.2d at 1082–83. *Crown Packaging* and *Hanson* ***do not*** address circumstances in which the patentee has asserted apparatus claims, and thereby triggered the notice requirements of § 287, but later attempts to avoid § 287 by asserting only method claims in subsequent litigation—as Intertrust has done with the '158 and '721 Patents.

The Federal Circuit's decision in *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370 (Fed. Cir. 2017) is instructive. In that case, Samsung asserted that Rembrandt was precluded from recovering damages under § 287 because of a "failure to mark products covered by [a] previously-asserted [apparatus] claim." *Id.* at 1382. Specifically, Samsung pointed to a license to the asserted patent granted by Rembrandt that did not require the licensee to mark its licensed products, as well as the licensee's subsequent sale of "unmarked products embodying [the] asserted [apparatus] claim." *Id.* In response—and in an apparent effort to sidestep the requirements of § 287—Rembrandt not only withdrew its assertion of the apparatus claims, but also officially disclaimed the apparatus claim at the U.S. Patent and Trademark Office ("USPTO"). *Id.* Although the district court "accepted Rembrandt's argument that any prior obligation to mark products embodying [the previously asserted apparatus claim] vanished once it disclaimed [the apparatus claim]," the Federal Circuit rejected that argument. *Id.* at 1382–83. The Court explained that Rembrandt's argument, which was adopted by the district court, "effectively provides an end-run around the marking statute and is irreconcilable with the statute's purpose." *Id.* at 1383. In view of these considerations, the Court held that "disclaimer cannot serve to retroactively dissolve the § 287(a) marking requirement for a patentee [seeking] to collect pre-notice damages." *Id.* at

1384.  Thus, once the notice requirements of § 287 have been triggered, they cannot later be retracted by a patentee's selective assertion of method claims in subsequent litigation.  *See id.* at 1382–84.

Numerous district court decisions addressing the issue have reached the same conclusion. *See*, *e.g.*, *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 WL 6787356, at *1 (E.D. Tex. Nov. 14, 2018); *Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*, No. CV-16-284-LPS-CJB, 2018 WL 7893901, at *4 (D. Del. Dec. 17, 2018) (dropping apparatus claims originally asserted so that only method claims remained did not relieve plaintiff of marking requirement); *Huawei*, 2017 WL 5165606, at *3 (collecting cases); *Unwired Planet, LLC v. Apple Inc.*, No. 13-CV-04134-VC, 2017 WL 1175379, at *4 (N.D. Cal. Feb. 14, 2017) (rejecting arguments that withdrawal of apparatus claims from case obviated marking requirement); *Osteotech, Inc. v. Regeneration Techs., Inc.*, No. CIV-A-306-CV-04249-FLW, 2008 WL 4449564, at *6 (D.N.J. Sept. 25, 2008) (rejecting "Plaintiff['s] argu[ment] that, since it has abandoned its product claims against Defendant, that obviates the need for compliance with the marking requirement").

Similarly, Intertrust's attempt to avoid § 287 through artful pleading should be rejected because it conflicts with the Federal Circuit's decisions in *American Medical* and *Rembrandt*, the numerous district court decisions cited above, and the position taken by Intertrust's counsel in other pending litigation.  *See* DeBrow Decl. at Ex. 17 (briefing filed by Intertrust's counsel in *Core Optical Techs., LLC v. Juniper Networks, Inc.*, No. 8:19-cv-02198 JAK(RAOx) (C.D. Cal.) arguing that a plaintiff cannot avoid the § 287(a) marking requirement by asserting only method claims where the plaintiff asserted apparatus claims in previous litigation and a patented article that could be marked exists).  As explained above, once the notice requirements of § 287 have been triggered, the patentee cannot avoid them through artful pleading in future litigation, as

- 13 -

Intertrust attempts to do with respect to the '158 and '721 Patents.

Furthermore, Intertrust's contention that the notice requirements of § 287 can be turned on or off based on the claims a patentee asserts in a particular litigation is inconsistent with both the plain language and purpose of § 287.  The plain language of § 287 provides, in pertinent part, that "[p]atentees, and persons *making, offering for sale, or selling* within the United States *any patented article* . . . may give notice to the public that the same is patented . . . by fixing thereon the word "patent" . . . together with the number of the patent . . . ." 35 U.S.C. § 287(a) (emphasis added).  The statute further provides that, "*[i]n the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement*, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice."  *Id.* (emphasis added).  The prohibition on recovery of damages resulting from a failure to mark a patented article *is not* limited to actions for infringement of claims directed to *the patented article* (*i.e.*, infringement of apparatus claims).  Rather, the plain language of the statute prohibits recovery of damages "*in any action for infringement*."  *Id.*  That is, if a patented article is made, sold, or offered for sale without marking, § 287 prohibits recovery of damages for infringement of *any claim of the patent*—regardless of its form—unless the patentee provided actual notice of infringement.  *Id.*  It is thus self-evident that a patentee cannot selectively turn the notice requirements of § 287 on or off based on its selection of asserted claims.

      2.      **Intertrust's Failure to Comply With the Marking Provisions of § 287 or Provide Actual Notice Before the '158 and '721 Patents Expired Precludes Recovery of Damages for Infringement of Those Patents.**

Here, the undisputed facts demonstrate that Intertrust cannot meet its burden of proving compliance with § 287 and thus entitlement to pre-notice damages.  As explained above, Defendants identified the products that are believed to trigger a marking requirement.  *See* Dkt.

Nos. 55–57 (setting forth Defendant's "Third Affirmative Defense: Failure to Mark").   Yet Intertrust  . *See* DeBrow Decl. at Ex. 1 (Intertrust's discovery response stating that ).   In addition, despite bearing the burden, . *See supra* Section IV.B.1; *see also* DeBrow Decl. Ex. 1; *supra* Section II.

With respect to actual notice, Intertrust does not contend it provided actual notice of its allegations with respect to the '158 and '721 Patents until April 2018, nearly two years after the patents expired.   *See supra* Section II.   As explained above, post-expiration notice is insufficient under § 287.   *Lans*, 252 F.3d at 1328.

Having failed to comply with the marking requirements of § 287 or provide notice of its allegations before the expiration of the '158 and '721 Patents, Intertrust is precluded from recovering any damages for infringement of those patents.   *See* 35 U.S.C. § 287(a); *Arctic Cat II*, 950 F.3d at 864; *Gart*, 254 F.3d at 1345; *Am. Med.*, 6 F.3d at 1537.

### C.   Intertrust Should Also Be Precluded From Recovering Pre-Notice Damages for Infringement of the Remaining Asserted Patents.

Defendants acknowledge that, in *Crown Packaging*, the Federal Circuit held that the notice requirements of § 287 are inapplicable "where the patentee asserted only method claims of a patent which included both method and apparatus claims" and did not previously assert apparatus claims—as Intertrust does with respect to the '304, '815, '602, '603, '342, '106, and '627 Patents. *See* 559 F.3d at 1316.   Defendants respectfully submit, however, that the decision in *Crown Packaging*—and this Court's decision in *Intellectual Ventures II LLC v. Sprint Spectrum, LP*, No. 2:17-CV-662, 2019 WL 2959568, which relied on *Crown Packaging*—should be reconsidered in

view of the plain language of the statute and prior precedent interpreting the same and in view of the purpose of the § 287 notice requirements.

1. **The Proper Inquiry Regarding Applicability of the § 287 Notice Requirements Should Be Whether There Is A Patented Article To Mark.**

The plain language of § 287 provides, in pertinent part, that "[p]atentees, and persons *making, offering for sale, or selling* within the United States *any patented article* . . . may give notice to the public that the same is patented . . . by fixing thereon the word "patent" . . . together with the number of the patent . . . ." 35 U.S.C. § 287(a) (emphasis added).  The statute further provides that, "*[i]n the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement*, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice."  *Id.* (emphasis added).

The prohibition on recovery of damages resulting from a failure to mark a patented article *is not* limited to actions for infringement of claims directed to *the patented article* (*i.e.*, infringement of apparatus claims).  Rather, the plain language of the statute prohibits recovery of damages "*in any action for infringement.*"  *Id.* (emphasis added).  That is, if a patented article is made, sold, or offered for sale without marking, § 287 prohibits recovery of damages for infringement of *any claim of the patent*—regardless of its form—unless the patentee provided actual notice of infringement.  *Id.*

Before *Crown Packaging*, courts applying § 287 did so in accordance with the plain language of the statute—the question of whether a patentee was subject to the notice requirements of § 287 turned on whether there was a patented article to mark, and not the patentee's decision to assert method or apparatus claims in litigation.  For example, in *American Medical*, the Federal Circuit explained that, "[t]he reason the marking statute does not apply to method claims is that,

- 16 -

ordinarily, where the patent claims are directed to only a method or process there is nothing to mark."  6 F.3d at 1538.  The Court recognized, however, that "[w]here the patent contains both apparatus and method claims, . . . *to the extent that there is a tangible item to mark* by which notice of the asserted method claims can be given, *a party is obliged to do so* . . . ."  *Id.* at 1538–39 (emphasis added).  That is, the Court held that, regardless of whether the patentee chooses to assert method or apparatus claims from a patent that has both, the notice requirements of § 287 are triggered where there is a tangible, patented article to mark, and a failure to comply precludes the recovery of damages for infringement of *any claim* from the patent, regardless of its form.  *Id.*

District courts likewise have focused on whether a tangible, patented article to mark existed and rejected patentees' attempts to avoid providing the requisite notice by asserting only method claims from a patent that includes both method and apparatus claims.  For example, in *Mosel Vitelic Corp. v. Micron Tech., Inc.*, Mosel argued that the notice requirements of § 287 did not apply because it asserted only method claims from asserted patents that included both method and apparatus claims.  No. CIV.A. 98-449-GMS, 2000 WL 1728351, at *1–2 (D. Del. Feb. 25, 2000).  The court rejected this argument and held that notice was required because "products which embody [the] claims . . . were actually made and sold."  *Id.* at *2.  The Court explained that, "[h]ad these products been properly marked, the public . . . would have been referred directly to [the patents and] potential infringers (innocent or otherwise) would have been placed on constructive notice of not only the apparatus claims but also the method claims as well." (citations omitted)).

Similarly, in *Halliburton Servs. v. Smith Int'l Inc.*, the patentee only asserted method claims from a patent that included both method and apparatus claims, but the court determined that the notice requirements of § 287 nonetheless applied "because [the patentee] distributed tangible items created by the [patented methods] and by which [the patentee] could have given notice of the [asserted patent's] method claims." 317 F. Supp. 2d 719, 725–26 (E.D. Tex. 2004) (citing *Am.*

*Med.*, 6 F.3d at 1528–39).   The court in *Philips Elecs. N. Am. Corp. v. Contec Corp.* likewise

rejected the argument that asserting only method claims from a patent exempted the patentee from

the requirements of § 287 where a tangible item to mark existed.   312 F. Supp. 2d 649, 651 (D.

Del. 2004) (holding that the patentee could not avoid the § 287 notice requirements because

"Philips' URCs are tangible items which were capable of being marked to give the public notice

of the asserted method claims of the '359 patent").   And in *Invitrogen Corp. v. Biocrest Mfg., L.P.*,

despite finding infringement of only process claims, the court determined that the notice

requirements of § 287 applied:

> There is no indication in the *American Medical Systems* opinion that the Federal
> Circuit intended to limit the marking requirement to factual situations in which both
> product and process claims were asserted and found to be infringed.   This Court
> reads the opinion requiring marking whenever there is a product capable of being
> marked.

No. A-01-CA-167-SS, 2006 WL 8435710, at *7 (W.D. Tex. Oct. 31, 2006); *see also* DeBrow

Decl. at Ex. 17 (briefing filed by Intertrust's counsel in *Core Optical Techs., LLC v. Juniper*

*Networks, Inc.*, No. 8:19-cv-02198 JAK(RAOx) (C.D. Cal.) arguing that, where a tangible product

that could be marked exists, a plaintiff cannot avoid the § 287(a) marking requirement by asserting

only method claims).

   In reaching these decisions, courts recognized that allowing patentees to avoid the notice

requirements of § 287 by asserting only method claims from a patent that includes both method

and apparatus claims is irreconcilable with the purpose of the statute.   *See Akamai Techs., Inc. v.*

*Limelight Networks, Inc.*, No. CIV. A. 06-11109-RWZ, 2008 WL 697703, at *1 n.2 (D. Mass. Feb.

8, 2008) ("While the Federal Circuit noted that both apparatus and method claims were being

asserted by the patent holder in *Am. Med. Sys.*, limiting the holding only to such cases would allow

a patentee to circumvent the policy encouraging marking by choosing to assert only the method

claims in a patent which included both types of claims."); *Merck & Co. v. Mediplan Health*

*Consulting, Inc.*, 434 F. Supp. 2d 257, 261–63 (S.D.N.Y. 2006) (rejecting a patentee's attempt "to circumvent the marking requirement through artful pleading" on the grounds that doing so would "undermine" the purpose of § 287).

As explained above, § 287's notice requirements are intended to protect the public from innocent infringement by giving notice that a product is patented. *Nike,* 138 F.3d at 1443; *see also Wine Ry. Appliance Co. v. Enterprise Ry. Equip. Co.*, 297 U.S. 387, 397–98 (1936) (explaining that the purpose of the notice requirement is to provide "protection against deception by unmarked patented articles"); *Arctic Cat II*, 950 F.3d at 865 ("Requiring a patentee who has sold unmarked products to provide notice in order to begin recovering damages advances these objectives by informing the public and possible infringers that the article is patented.").  Allowing patentees like Intertrust to circumvent the notice requirements of § 287 by asserting only method claims from a patent that includes both method and apparatus claims—and thereby avoid marking products that are covered by the claims of the patent—would undermine the public notice function of the statute by allowing patentees to take advantage of the deception that may arise from unmarked articles. *See Wine Ry*, 297 U.S. at 397–98; *Arctic Cat II,* 950 F.3d at 865; *Rembrandt*, 853 F.3d at 1382– 84.  Thus, as this Court explained in *Huawei*, in light of the statute's purpose, "a logical interpretation" is the one adopted by the Federal Circuit in *American Medical*—"that a patentee must mark ***any product covered by any claim of the asserted patent***."  *Huawei*, 2017 WL 4183103, at *3 (emphasis added).  Any other interpretation would effectively allow Intertrust—and other patentees—to make an end-run around § 287 and recover damages without having put the public on notice of its patent rights.

> 2. **The Marking Requirements of § 287 Should Apply to the '304, '815, '602, '603, '342, '106, and '627 Patents Because There Are Tangible Articles Covered by the Patents.**

The undisputed facts demonstrate that that tangible products Intertrust contends are

covered by the '304, '815, '602, '603, '342, '106, and '627 Patents exist and could be marked.  As explained above, Intertrust licensed all the Asserted Patents to Sony ████████████████ ████████████████.  *See supra* Section II.  Sony subsequently sold to the Defendants and/or their predecessors unmarked DCI-certified theater systems that Intertrust alleges practice the claims of the Asserted Patents.[10]  *See supra* Section II.  Because Intertrust accused the licensed Sony products of infringing the '304, '815, '602, '603, '342, '106, and '627 Patents, and ████████ ██████████████████████████████, it cannot argue that those products are not "patented article[s]" subject to the marking requirements of § 287.[11]  *See supra* Section II.  Because tangible products covered by the '304, '815, '602, '603, '342, '106, and '627 Patents exist, notice requirements of § 287 have been triggered with respect to these patents.  *See supra* Section IV.C.2.

To conclude otherwise would cause the very type of harm that § 287 was intended to prevent.  Because Intertrust did not comply with § 287 by ████████████████████████ ████████████████, Defendants were not put on notice of Intertrust's contention that DCI-certified theater systems are covered by the Asserted Patents until many years later when Intertrust provided actual notice of its infringement allegations.  Intertrust should not be permitted to take advantage of the deception that arose from those unmarked articles by seeking damages for Defendants' use of DCI-certified theater systems.  *See Wine Ry*, 297 U.S. at 397–98; *Arctic Cat II*, 950 F.3d at 865; *Rembrandt*, 853 F.3d at 1382–84.

      3.      **Intertrust's Failure to Comply With the Marking Provisions of § 287 Should Preclude Recovery of Pre-Notice Damages for Infringement of the '304, '815, '602, '603, '342, '106, and '627 Patents.**

The undisputed facts demonstrate that Intertrust failed to comply with the marking provisions of § 287 with respect to the '304, '815, '602, '603, '342, '106, and '627 Patents.  As

---

[10] *See supra* n.8.

[11] *See supra* n.7.

explained above, Intertrust implicitly concedes that it has not complied with the marking provisions of § 287.  *See supra* Section IV.A.  In addition, ███████████████████

███████████████████████████████████████████████████

███████████████.  DeBrow Decl. at Ex. 1; *see also supra* Section II.

With respect to actual notice, Intertrust does not contend it provided actual notice of its allegations with respect to the '304, '815, '602, '603, '342, '106, and '627 Patents until April 2018.  *See supra* Section II.  Having failed to comply with the marking provisions of § 287, Intertrust should be precluded from recovering pre-notice damages for infringement of the '815, '602, '603, '342, '106, and '627 Patents.  *See* 35 U.S.C. § 287(a); *Arctic Cat II*, 950 F.3d at 864; *Gart*, 254 F.3d at 1345; *Am. Med.*, 6 F.3d at 1537.  With respect to the '304 Patent, which expired before April 2018, Intertrust should be precluded from recovering any damages.  *See Lans*, 252 F.3d at 1328 (holding that post-expiration notice is insufficient under § 287(a)).

## V.   <u>CONCLUSION</u>

For the reasons stated above, Defendants request summary judgement of no damages for the '157 Patent and dismissal of the patent from this litigation.  In addition, because Intertrust previously asserted apparatus claims from the '158 and '721 Patents and those patents expired before actual notice, Defendants request summary judgment of no damages and dismissal from this litigation.  Independently, for the '304 Patent (which also expired before actual notice), Defendants request summary judgment of no damages and dismissal from this litigation.  For the remaining Asserted Patents, Defendants' request summary judgment of no pre-notice damages.

September 14, 2020

Respectfully submitted,

By:  */s/ Richard S. Zembek*
Richard S. Zembek
Texas State Bar No. 00797726
richard.zembek@nortonrosefulbright.com
Eric B. Hall
Texas State Bar No. 24012767
eric.hall@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel: (713) 651-5151
Fax: (713) 651-5246

James S. Renard
Texas State Bar No. 16768500
james.renard@nortonrosefulbright.com
Michael A. Swartzendruber
Texas State Bar No. 19557702
michael.swartzendruber@nortonrosefulbright.com
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7932
Tel: (214) 855-8000
Fax: (214) 855-8200

Stephanie N. DeBrow
Texas State Bar No. 24074119
stephanie.debrow@nortonrosefulbright.com
Eric C. Green
Texas State Bar No. 24069824
eric.green@nortonrosefulbright.com
Catherine J. Garza
Texas State Bar No. 24073318
cat.garza@nortonrosefulbright.com
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Tel: (512) 536-3094
Fax: (512) 536-4598
ATTORNEYS FOR DEFENDANT

**COUNSEL FOR AMC ENTERTAINMENT HOLDINGS, INC., CINEMARK HOLDINGS, INC., AND REGAL ENTERTAINMENT GROUP**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 14, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via email.  Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

*/s/ Stephanie N. DeBrow*
Stephanie N. DeBrow

## CERTIFICATE OF AUTHORIZATION TO SEAL

The undersigned hereby certifies that under Local Rule CV-5(d), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

*/s/ Stephanie N. DeBrow*
Stephanie N. DeBrow