**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| INTERTRUST TECHNOLOGIES CORPORATION, | |
| *Plaintiff*, | |
| v. | |
| CINEMARK HOLDINGS, INC., | 2:19-cv-00266-JRG (LEAD CASE) |
| AMC ENTERTAINMENT HOLDINGS, INC., | 2:19-cv-00265-JRG |
| REGAL ENTERTAINMENT GROUP, | 2:19-cv-00267-JRG |
| *Defendants*. | |

**PLAINTIFF INTERTRUST TECHNOLOGIES CORPORATION'S OPPOSITION
TO DEFENDANTS AMC ENTERTAINMENT HOLDINGS, INC., CINEMARK
HOLDINGS, INC., AND REGAL ENTERTAINMENT GROUP'S
MOTION FOR SUMMARY JUDGMENT BASED ON INTERTRUST'S
<u>FAILURE TO COMPLY WITH 35 U.S.C. § 287</u>**

**<u>TABLE OF CONTENTS</u>**

<u>**Page**</u>

I.      INTRODUCTION ...........................................................................................................1

II.     RESPONSE TO STATEMENT OF ISSUES TO BE DECIDED ......................................2

III.    RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS ......................2

IV.     ARGUMENT .................................................................................................................3

        A.      The Marking Statute Does Not Apply When Only Method Claims are
                Asserted............................................................................................................3

        B.      There are No Exceptions to the Federal Circuit's Bright-Line Rule ....................10

        C.      The Purpose of the Marking Statute is Irrelevant Because The Statute Does
                Not Apply Here.................................................................................................13

        D.      Defendants' Motion Regarding the '157 Patent is Moot .......................................15

V.      CONCLUSION...............................................................................................................15

CERTIFICATE OF SERVICE .................................................................................................17

# TABLE OF AUTHORITIES

Page(s)

CASES

*ActiveVideo Networks, Inc. v. Verizon Communications, Inc.*,
    694 F.3d 1312 (Fed. Cir. 2012)............................................................. 14, 15

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    No. CIV. A. 06-11109-RWZ, 2008 WL 697703 (D. Mass. Feb. 8, 2008) ...................... 7

*American Medical Sys., Inc. v. Medical Eng'g Corp.*,
    6 F.3d 1523 (Fed. Cir.1993)............................................. 5, 6, 7, 9, 11, 14, 15

*Bandag, Inc. v. Gerrard Tire Co., Inc.*,
    704 F. 2d 1578 (Fed. Cir. 1983)........................................... 4, 5, 6, 11, 13

*Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*,
    906 F. Supp. 2d 399 (W.D. Pa. 2012)...................................................... 9

*ContentGuard Holdings, Inc. v. Amazon.com, Inc.*,
    Case No. 2:13-CV-1112-JRG, 2:14-CV-61-JRG, 2015 WL 11089750, (E.D.
    Tex. Aug. 10, 2015)................................................................................. 9

*Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*,
    498 F. Supp. 2d 718 (D. Del. 2007)............................................ 8, 12, 14

*Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*,
    559 F.3d 1308 (Fed. Cir. 2009)........................................................ *passim*

*Deckers Corp. v. United States*,
    752 F.3d 949 (Fed. Cir. 2014)................................................................. 5

*Devices for Medicine, Inc. v. Boehl*,
    822 F.2d 1062 (Fed. Cir. 1987)........................................................ 4, 5, 6, 7

*Fujitsu Ltd. v. Netgear Inc.*,
    620 F.3d 1321 (Fed. Cir. 2010)............................................................. 8

*Gart v. Logitech, Inc.*,
    254 F.3d 1334 (Fed. Cir. 2001)............................................................. 10

*Halliburton Servs. v. Smith Int'l Inc.*,
    317 F. Supp. 2d 719 (E.D. Tex. 2004)...................................................... 7

*Hanson v. Alpine Valley Ski Area, Inc.*,
    718 F. 2d 1075 (Fed. Cir. 1983)..................................................... *passim*

*Huawei Techs. Co. Ltd v. T-Mobile US, Inc.*,
    No. 2:16-CV-00055-JRG-RSP, (E.D. Tex. Oct. 15, 2017), *report and
    recommendation adopted*, 2017 WL 5157687 (E.D. Tex. Nov. 7, 2017) ........................ 9

*Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*,
    No. 2:16-CV-00052-JRG-RSP, 2017 WL 4183103 (E.D. Tex. Sep. 4, 2017),
    *report and recommendation adopted*, 2017 WL 4251365 (E.D. Tex. Sept. 20,
    2017) ...................................................................................................................... 9, 10

*Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*,
    No. 2:17-CV-662-JRG-RSP, 2019 WL 2959568 (E.D. Tex. Apr. 18, 2019), *report
    and recommendation adopted*, 2019 WL 1987204 (E.D. Tex. May 6, 2019).... 1, 3, 10, 14

*Invitrogen Corp. v. Biocrest Mfg., L.P.*,
    No. A-01-CA-167-SS, 2006 WL 8435710 (W.D. Tex. Oct. 31, 2006) ........................... 7

*Leeds & Catlin Co. v. Victor Talking Mach. Co.*,
    213 U.S. 301 (1909) ...................................................................................................... 14

*Merck & Co. v. Mediplan Health Consulting, Inc.*,
    434 F. Supp. 2d 257 (S.D.N.Y. 2006) ...................................................................... 7, 14

*Mformation Techs., Inc. v. Research in Motion Ltd.*,
    830 F. Supp. 2d 815 (N.D. Cal. 2011) ....................................................................... 8, 9

*Mosel Vitelic Corp. v. Micron Tech., Inc.*,
    No. CIV.A. 98-449-GMS, 2000 WL 1728351 (D. Del. Feb. 25, 2000) ......................... 6

*Philips Elecs. N. Am. Corp. v. Contec Corp.*,
    312 F. Supp. 2d 649 (D. Del. 2004) .............................................................................. 7

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
    853 F.3d 1370 (Fed. Cir. 2017) ................................................................................... 14

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
    Case No. 2:13CV213–JRG–RSP, 2015 WL 627971, (E.D. Tex. Feb. 9, 2015) ........ 12, 13

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
    853 F.3d 1370 (Fed. Cir. 2017) ................................................................................ 12, 13

*State Contracting & Eng. v. Condotte America*,
    346 F. 3d 1057 (Fed. Cir. 2003) .................................................................................. 15

*Unwired Planet, LLC v. Apple Inc.*,
    No. 13-CV-04134-VC, 2017 WL 1175379 (N.D. Cal. Feb. 14, 2017) ........................... 9

*Wine Ry. Appliance Co. v. Enter. Ry. Equip. Co.*,
    297 U.S. 387 (1936) .................................................................................................. 4, 13

## STATUTORY AUTHORITIES

35 U.S.C. § 287 ........................................................................................................ *passim*

## I.      **INTRODUCTION**

Defendants seek to apply the marking statute to the situation in which a patentee asserts only method claims from patents that include both method and apparatus claims. As this Court recently explained when it rejected the same argument, controlling Federal Circuit law is contrary:

> While this Court has previously noted tension between certain dicta in *American Medical Systems* and the holding in *Crown Packaging*, the decision in *Crown Packaging* itself eliminates any ambiguity about the state of the law. In both *Hanson* and *Crown Packaging*, the Federal Circuit has made clear that the ***marking statute does not apply where a patentee has only asserted method claims, even when the patent also contains apparatus claims***."

*Intellectual Ventures II LLC v. Sprint Spectrum, L.P.* No. 2:17-CV-662-JRG-RSP, 2019 WL 2959568**,** *2 (E.D. Tex. Apr. 18, 2019) (emphasis added), *report and recommendation adopted*, 2019 WL 1987204 (E.D. Tex. May 6, 2019). No intervening authority justifies a departure from this rule, and the Court should deny the motion for partial summary judgment.

It has been settled law for at least 35 years that where, as here, ***only method claims*** of a patent are asserted, the notice provisions of the marking statute do not apply. Although Defendants boldly asks this Court to "reconsider" the Federal Circuit's controlling precedent that recently reaffirmed this bright-line rule, they present no legal authority for doing so. Instead, they cobble together inapposite case law to argue that an exception to the rule is warranted if the patentee previously licensed apparatus claims from the same patents without requiring the earlier licensee to mark its products. But as this Court has said, the Federal Circuit has made clear that the marking statute does not apply when a patentee has asserted only method claims, even when the patent also includes apparatus claims. There is no basis to carve out a new exception based on historical licensing of those unasserted apparatus claims. Because Defendants' arguments fail under controlling Federal Circuit law, their motion should be denied with respect to all of the pending patents.

Defendants also argue that Intertrust should be precluded from recovering damages for infringement of the '157 patent because it asserted an apparatus claim in addition to method claims from that patent. But since Intertrust dropped the '157 patent as part of the court-ordered case narrowing process, Defendants' motion seeking relief with respect to it should be denied as moot.

## II.    RESPONSE TO STATEMENT OF ISSUES TO BE DECIDED

1.    On September 26, 2020, Intertrust elected to drop all asserted claims of the '157 patent as part of the case narrowing process pursuant to the Second Amended Docket Control Order. *See* Ex. A to Florance Dec. (Intertrust's Preliminary Election of Asserted Claims) Accordingly, whether Intertrust is precluded from recovering damages for infringement of the '157 patent is a moot issue that does not need to be decided by the Court.

2.    Intertrust is not precluded from recovering damages for infringement of the '158 and '721 patents because 35 U.S.C. § 287(a) does not apply when, as here, it is undisputed that only method claims of those patents were asserted.

3.    Intertrust is not precluded from recovering pre-notice damages for infringement of the '304, '815, '602, '603, '342, '106, and '627 patents because 35 U.S.C. § 287(a) does not apply when, as here, it is undisputed that only method claims of those patent were asserted.

## III.   RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS

On August 7, 2019, Intertrust filed three actions in this Court alleging that Defendants each infringed eleven of its patents. *See*, *e.g.*, Dkt. No. 1 (lead case). Since then, the Court granted the parties' joint motion to dismiss Intertrust's Ninth Cause of Action regarding U.S. Patent No. 8,526,610, and Intertrust elected not to proceed with any of the asserted claims of U.S. Patent No. 8,191,157 as part of the case narrowing process. Dkt. No. 120; Florance Dec., Ex. A (Preliminary Election of Asserted Claims). Each Defendant is still alleged to have infringed nine of Intertrust's

patents (the "Patents-in-Suit").[1] It is undisputed that each of the Patents-in-Suit include both method and apparatus claims, but Intertrust has only asserted that Defendants infringe method claims from each patent. Defendants' Brief ("DB"), 3; Dkt. Nos. 138-2, 138-3, 138-4, 138-5. In the complaints, Intertrust provided an example of a ***method claim*** from the nine Patents-in-Suit that Defendants have infringed. *See*, *e.g.*, Dkt. No. 1 (lead case). Similarly, in its P.R. 3-1 disclosures, Intertrust asserted only ***method claims*** from the Patents-in-Suit against the Defendants in its infringement contentions. *See* Dkt. Nos. 138-2, 138-3, 138-4, 138-5.

Defendants sidestep the material facts by reciting numerous purported facts regarding Intertrust's historical enforcement of its patent portfolio that resulted in non-exclusive licenses to Sony, Microsoft, and Apple. No court has found that any of these licensees infringe the Patents-in-Suit, nor have the licensees admitted infringement. As explained below, because it is undisputed that Intertrust has asserted only method claims from the Patents-in-Suit against Defendants, the facts regarding these licenses are immaterial to resolving Defendants' motion.

## IV.    <u>ARGUMENT</u>

### A.    <u>The Marking Statute Does Not Apply When Only Method Claims are Asserted</u>

Defendants concede that, in *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co*., 559 F.3d 1308, 1316 (Fed. Cir. 2009*), reh'g en banc denied* (2009), the Federal Circuit held that the notice requirements of 35 U.S.C. § 287 are inapplicable "where the patentee asserted only method claims of a patent which included both method and apparatus claims." DB, 15. Nevertheless, they ask this Court to "reconsider," DB, 16, that precedential decision despite the Court's recent holding in *Intellectual Ventures II.* There is no basis to depart from controlling law. Neither the plain

---

[1]    The remaining Patents-in-Suit consist of U.S. Patent Nos. 6,157,721 ("the '721 Patent"); 6,640,304 ("the '304 Patent"); 6,785,815 ("the '815 Patent"); 7,340,602 ("the '602 Patent"); 7,406,603 ("the '603 Patent"); 7,694,342 ("the '342 Patent"); 8,191,158 ("the '158 Patent"); 8,931,106 ("the '106 Patent"); and 9,569,627 ("the '627 Patent").

language of § 287 nor any intervening precedent provides a reason for this Court to create an exception to the Federal Circuit's "clear" rule that has been the law for nearly 40 years. In short, the Court should reject the invitation to re-write the Federal Circuit's long-standing and controlling authority. 35 U.S.C. § 287(a) prescribes that, on penalty of having their damages limited to times subsequent to actual notice, patentees and their licensees shall mark any "patented article," thereby giving "notice to the public that the same is patented." In accordance with the clear language of the statute that refers to a "patented article" but not a patented method or process, "it is also settled in the case law that the notice requirement of this statute does not apply where the patent is directed to a process or method." *Bandag, Inc. v. Gerrard Tire Co., Inc.,* 704 F. 2d 1578, 1581 (Fed. Cir. 1983), *citing Wine Ry. Appliance Co. v. Enter. Ry. Equip. Co.,* 297 U.S. 387 (1936). *Bandag* involved a straightforward application of this well-settled rule because the asserted patent there, consisting of only method claims, was plainly "directed to a process or method." *See* Florance Dec., Ex. B (Pat. No. 3,236,709). Later in 1983, the Federal Circuit reviewed another case regarding the applicability of § 287, this time involving a patent with both apparatus and method claims, but only method claims were alleged to be infringed. *Hanson v. Alpine Valley Ski Area, Inc.,* 718 F. 2d 1075 (1983). As in *Bandag*, *Hanson* found that patent to also be a "process patent, to which section 287 does not apply," even though it included an unasserted apparatus claim. *Id.* at 1082. Through these two cases, the Federal Circuit informed patent owners and infringers that if only method claims are asserted—whether it be from a patent with only method claims or one with mixed claims (*i.e.*, method and apparatus/system)—then the notice provisions of § 287 do not apply. This bright-line rule has existed without exception for almost 40 years.

If any uncertainty remained about the demarcation of the line between when § 287's notice provisions do and do not apply, it was resolved it in *Devices for Medicine, Inc. v. Boehl,* 822 F.2d

1062 (Fed. Cir. 1987). There, the Federal Circuit acknowledged that its precedents had adopted

the bright-line rule: "In *Bandag*, and in *Hanson*, this court specifically noted a distinction between

cases in which only method claims are asserted to have been infringed and cases like the present

case, where DFM alleged infringement of all its apparatus and method claims." *Id.* at 1066.

This distinction was again noted by the Federal Circuit a few years later in *American*

*Medical Sys., Inc. v. Medical Eng'g Corp.,* 6 F.3d 1523, 1538 (1993), a case like *Devices for*

*Medicine* (and unlike here) involving the assertion of method and apparatus claims from the same

patent. The court cited *Bandag* and *Hanson* in asserting that "the law is clear that the notice

provisions of section 287 do not apply where the patent is directed to a process or method." *Id.* But

because apparatus claims were asserted, *American Medical* affirmed the district court's holding,

relying on *Devices for Medicine,* that "where there are both product and method claims being

claimed infringed, the patentee must mark the product.'" *Id.* In rejecting the patent owner's effort

to distinguish *Devices for Medicine,* however, *American Medical* made a loose statement that was

subsequently misinterpreted by some district courts:

> The reason that the marking statute does not apply to method claims is that,
> ordinarily, where the patent claims are directed to only a method or process there
> is nothing to mark. *Where the patent contains both apparatus and method claims,*
> *however, to the extent that there is a tangible item to mark by which notice of the*
> *asserted method claims can be given, a party is obliged to do so if it intends to avail*
> *itself of the constructive notice provisions of section 287(a).*

*Id.* at 1538-39 (emphasis added). Defendants argue that this sentence indicates that the Federal

Circuit intended, without ever saying so, to overturn the precedential opinion in *Hanson.*[2] But in

the context of the facts and the rest of the of *American Medical* opinion, a true reading is that the

---

[2]    *American Medical* does not criticize or create an exception to *Hanson,* and provided this
summary of  its  holding: "section 287(a) does not apply where only method claims are infringed."
*Id.* at 1538. Indeed, the *American Medical* panel lacked the authority to overrule *Hanson* because
"a panel of [the Federal Circuit]…is bound by the precedential decisions of prior panels unless and
until overruled by an intervening Supreme Court or *en banc* decision." *Deckers Corp. v. United*
*States*, 752 F.3d 949, 964 (Fed. Cir. 2014), *reh'g en banc denied* (2014).

court was referring only to the scenario where both types of claims were asserted. Indeed, immediately after this passage, the panel confirmed this was so:

> In this case, both apparatus and method claims of the '765 patent were asserted and there was a physical device produced by the claimed method that was capable of being marked. Therefore, we conclude that AMS was required to mark its product pursuant to section 287(a) in order to recover damages under its method claims prior to actual or constructive notice being given to MEC.

*Id*. at 1539. In other words, when both apparatus and method claims of a patent are asserted, and a method claim produces a product that can be marked, then the patent owner must comply with § 287(a) in order to be awarded damages for infringement of that method claim prior to actual notice. *American Medical*'s holding, however, has no relevance here because there is no dispute that Intertrust has only asserted method claims from the Patents-in-Suit.

Defendants tout that some district courts during the aughts applied *American Medical*'s holding to cases where only method claims were asserted. But the portion of *American Medical* they rely on—the sentence italicized above—is dicta because that case involved the assertion of both apparatus and method claims, not merely method claims. This distinction was lost on these courts. For example, in *Mosel Vitelic Corp. v. Micron Tech., Inc.*, No. CIV.A. 98-449-GMS, 2000 WL 1728351, at *1-2 (D. Del. Feb. 25, 2000), the District of Delaware improperly rejected the argument that "this case is distinguishable from *American Medical* because, there, the plaintiff was asserting both method and apparatus claims" because the court found "this distinction to be immaterial." First, *Mosel Vitelic* does not even cite, let alone distinguish, the controlling precedent in *Hanson*. Second, although it acknowledges that *American Medical* relies on *Devices for Medicine*, it ignores the latter's explicit recognition that this distinction is material, if not essential. *See Devices for Medicine,* 822 F.2d at 1066 ("In *Bandag*, and in *Hanson*, this court specifically noted a distinction between cases in which only method claims are asserted to have been infringed

and…where [the patentee] alleged infringement of all its apparatus and method claims.")[3]

The three other cases that Defendants rely on discuss *Hanson* but ultimately disregard it by erroneously finding that "it clearly sought…to limit its reach to the particular facts of that case*." Merck & Co. v. Mediplan Health Consulting, Inc.*, 434 F. Supp. 2d 257, 262 (S.D.N.Y. 2006); *Invitrogen Corp. v. Biocrest Mfg., L.P.*, No. A-01-CA-167-SS, 2006 WL 8435710, at *7 (W.D. Tex. Oct. 31, 2006) (same); *Akamai Techs., Inc. v. Limelight Networks, Inc.***,** No. CIV. A. 06-11109-RWZ, 2008 WL 697703, at *1, n.2 (D. Mass. Feb. 8, 2008) (citing *Merck*). It is difficult to understand this conclusion. Although *Hanson* does say in the last section of the opinion that "[o]ur decision is a narrow one," 718 F.3d. at 1083, it appears to be referring to the magistrate's reasonable royalty determination, not the simple facts underlying the court's legal analysis of whether § 287 applies. Indeed, the only relevant factual inquiry is whether only method claims were asserted, as they were in *Hanson* and they are here.

The Federal Circuit finally addressed and corrected the misunderstandings of these district courts in *Crown Packaging*. In that case, the patentee appealed the District of Delaware's grant of summary judgment against a patent infringement counterclaim for failure to mark. 559 F.3d at 1315-16. The patentee argued "that failure to mark the 'necking' machines sold by its licensee does not implicate § 287 because it is asserting only the method claims from the ′839 patent, not the machine claims." *Id*. at 1316. But the district court once again ignored binding precedent and improperly found, as it did in prior cases relied on by Defendants, that *American Medical*'s dicta mandated that "regardless of whether or not [the patentee] asserted method claims, apparatus claims or both, [the patentee] was required to mark and have its licensee…mark products in order

---

[3]   Other cases that Defendants rely on—*Halliburton Servs. v. Smith Int'l Inc.,* 317 F. Supp. 2d 719, 725-26 (E.D. Tex. 2004) and *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 312 F. Supp. 2d 649, 651-52 (D. Del. 2004)—completely ignore *Hanson* and *Devices for Medicine*.

to obtain the benefits of the constructive notice provisions set forth in section 287(a)." *Crown Packaging,* 498 F. Supp. 2d 718, 728 (D. Del. 2007). The Federal Circuit reversed, however, finding "we are bound by our holding in *Hanson v. Alpine Valley Ski Area, Inc.*." 559 F. 3d at 1309. It concluded that because the only relevant fact—whether the patentee asserted only method claims—was shared in common between the two cases, § 287(a)'s marking requirement was inapplicable:

> In *Hanson,* 718 F.2d at 1082–83, we held that 35 U.S.C. § 287(a) did not apply where the patentee only asserted the method claims of a patent which included both method and apparatus claims. *Hanson* is factually identical to this case, and we are therefore bound by the rule of *Hanson.*

*Id*. at 1316. Moreover, *Crown Packaging* found the bright-line rule announced by *Hanson* applied even though (1) the patent had expired prior to the patentee providing actual notice of infringement, 498 F. Supp. 2d at 727, and (2) the patentee had licensed an entity to make the patented machine that was used to practice the patented methods, and that licensee did not, nor was required to, mark the machines it sold. 559 F.3d at 1316 ("The machines used to perform the [patented] necking process are referred to as 'neckers.'"; "Belvac was licensed by Rexam to make neckers"); *see also Fujitsu Ltd. v. Netgear Inc.,* 620 F.3d 1321, 1332 (Fed. Cir. 2010) (relying on *Crown Packaging* to reverse the district court's denial of damages for infringement of method claims from an expired patent even though the patentee practiced the claims and failed to mark its products).

In light of *Crown Packaging's* affirmation of the holding in *Hanson,* Defendants are plainly wrong when they contend that the applicability of § 287(a) is not evaluated based "on the claims a patentee asserts in a particular litigation." DB, 14. Indeed, in the wake of that decision*,* district courts across the nation properly recognized that the applicability of § 287(a) was based on the nature of the claims *asserted* at the outset of a case. *See, e.g., Mformation Techs., Inc. v. Research in Motion Ltd.*, 830 F. Supp. 2d 815, 838 (N.D. Cal. 2011) ("Thus, in *Crown Packaging* the Federal

Circuit clearly stated that the applicability of § 287(a) turns on which claims were asserted. Therefore, as Plaintiff asserted both apparatus claims and method claims in this litigation, the Court finds that the marking requirements of § 287(a) are applicable."); *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 906 F. Supp. 2d 399, 406 (2012) (W.D. Pa. 2012) ("When a patent contains both method and apparatus claims, whether the marking statute applies turns on whether the method and apparatus claims have been *asserted* by the patentee." (emphasis in original); *Unwired Planet, LLC v. Apple Inc.*, No. 13-CV-04134-VC, 2017 WL 1175379, at *4 (N.D. Cal. Feb. 14, 2017) ("the rule reaffirmed in *Crown Packaging* turns on the claims asserted").

This District is no different. In 2015, the parties in a case before this Court agreed that § 287(a) did not apply when only method claims from a mixed patent were asserted. *ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, Case Nos. 2:13-CV-1112-JRG, 2:14-CV-61-JRG, 2015 WL 11089750, *3 (E.D. Tex. Aug. 10, 2015) ("At the Hearing, the Parties agreed that the asserted claims of a patent-in-suit would not be subject to the marking requirement if, for such a patent with both apparatus and method claims, only the method claims had been asserted from the beginning of the suit."). Two years later, this Court granted summary judgment in two cases that the patentee was not entitled to pre-filing damages because it asserted method and apparatus claims from each patent, thereby rendering *Crown Packaging* inapplicable. *Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-CV-00052-JRG-RSP, 2017 WL 4183103, at *2 (E.D. Tex. Sep. 4, 2017) (noting the "apparent tension" between *Crown Packaging* and *American Medical* but conceding that "[t]he contours of the precedent need not be precisely defined" because "Huawei is asserting both types of claims"), *report and recommendation adopted*, 2017 WL 4251365 (E.D. Tex. Sept. 20, 2017); *Huawei Techs. Co. Ltd v. T-Mobile US, Inc.*, No. 2:16-CV-00055-JRG-RSP, at *3 (E.D. Tex. Oct. 15, 2017) ("Huawei is not insulated by *Crown Packaging*, which at most only restricts

application of the marking statute in instances where a patent holder never asserted apparatus claims"), *report and recommendation adopted*, 2017 WL 5157687 (E.D. Tex. Nov. 7, 2017).

Just last year, in *Intellectual Ventures II,* this Court faced the same factual scenario presented here. Although all six of the asserted patents contained both method and apparatus claims, IV asserted only method claims from two of them. 2019 WL 2959568 at *1. As in *Crown Packaging*, IV conceded that it had licensees who produced products that "satisfy all limitations" of at least one claim in each of those patents, and that those products were not marked in accordance with § 287(a). *Id*. But this Court found that "[t]he marking statute applied where a patentee asserts at least one apparatus claim, and the patentee (or its licensees) make a product that practices a claim in the patent," but "does not apply when a patentee only asserts method claims":

> While this Court has previously noted tension between certain dicta in *American Medical Systems* and the holding in *Crown Packaging*, the decision in *Crown Packaging* itself eliminates any ambiguity about the state of the law. In both *Hanson* and *Crown Packaging*, the Federal Circuit has made clear that the marking statute does not apply where a patentee has only asserted method claims, even when the patent also contains apparatus claims.

*Id.* at *2. The Court denied the summary judgment motion, and the same result should follow here. Indeed, Defendants identify no new case law, let alone controlling law, that justifies their request that this Court "reconsider" its sound decision in *Intellectual Ventures II*. *See* DB, 15-16 ("the decision in *Crown Packaging*—and this Court's decision in *Intellectual Ventures II*…which relied on *Crown Packaging*—should be reconsidered in view of the plain language of the statute and prior precedent interpreting the same and in view of the purpose of the § 287 notice requirements.")

### B.     There are No Exceptions to the Federal Circuit's Bright-Line Rule

Defendants argue that even if this Court is unwilling to "reconsider" the clear holding of *Crown Packaging* and its cases that apply it, it should still find that no damages are warranted for their infringement of the '721 and '158 patents based on Intertrust's past litigation and licensing activities. *See* DB, 10. Defendants contend that "because Intertrust has asserted apparatus claims

from the '158 and '721 Patents and patented articles exist (*i.e.*, products Intertrust itself accused of infringing and subsequently licensed under the patents), the notice requirements of § 287 apply and Intertrust is barred from recovering damages [from Defendants] unless it can demonstrate actual or constructive notice." DB, 11.[4,5]  But the Federal Circuit has never created an exception to its bright-line rule that § 287(a) does not apply when only method claims are asserted, including the one that Defendants now seek based on what resulted with respect to the patent's apparatus claims in prior lawsuits or licensing negotiations. Indeed, Defendants identify no cases that have analyzed these types of historical activities to find an exception to the clear rule that it is the type of claims asserted in the present action that determine whether the marking statute applies. Rather, they are left to rely on two inapposite cases—*American Medical* and *Gart v. Logitech, Inc.*[6]—that found that § 287(a) does apply because neither involved (unlike here, *Bandag*, *Hanson* and *Crown Packaging*) the assertion of only method claims.

Defendants next contend that *Crown Packaging* and *Hanson* are distinguishable "on the grounds that they do not address circumstances in which the patentee has asserted apparatus claims, and thereby triggered the notice requirements of § 287, but later attempts to avoid § 287 by asserting only method claims in subsequent litigation." DB, 12. But in *Crown Packaging*, the Federal Circuit recognized that the patentee had previously licensed apparatus claims and did not

---

[4]    Defendants further contend that "the undisputed facts demonstrate that Intertrust asserted apparatus claims from the '158 and '721 Patents in the prior *Apple* and *Microsoft* Actions." DB, 13. This assertion is misleading. Intertrust asserted one apparatus claim and *no* method claims from the '721 patent against Microsoft, and one apparatus claim and one method claim from the '158 patent against Apple. Both of those cases settled without any finding or admission of infringement.

[5]    Defendants also argue that "[b]ecause Intertrust accused the licensed Apple and Microsoft products of infringing the '158 and '721 Patents, respectively, it cannot argue that those products are not 'patented article[s]' under § 287." DB, 11. Although not relevant to deciding this motion (because § 287(a) does not apply here), Defendants offer no authority for their proposition that a patentee is bound by its infringement allegations and cannot later demonstrate that a previously accused product does not in fact practice a claim.

[6]    254 F.3d 1334, 1336 (Fed. Cir. 2001) ("Claim 7, the only claim at issue," is directed to a "computer input accessory apparatus").

require the resulting products to be marked. 559 F.3d at 1316.[7] It nevertheless found that the assertion of only method claims from the same patent in a subsequent suit precluded the application of § 287(a). Similarly, in *Hanson,* a patent that covers an apparatus and methods for making snow was licensed to a company so that it could practice the apparatus claim by manufacturing and selling snowmaking machines that were used by customers to practice the method claims of the patent. 718 F.2d at 1076 (noting that "about 1,500 SMI machines have been manufactured and sold, and SMI paid total royalties of approximately $26,000" under its license), 1082 ("Alpine contends that Hanson is precluded from recovering for the infringing use, prior to the filing of the complaint, of two of the Hedco machines *because Hanson did not prove that Hanson's licensee SMI had marked the machines it sold*") (emphasis added). Even though the patentee could not show that its licensed manufacturer marked the machines it made and sold, the Federal Circuit still found that § 287 did not apply in a case against the customers for using the licensee's machines by infringing the patent's method claims. Accordingly, contrary to Defendants' contention, *Crown Packaging* and *Hanson* both address circumstances in which the patentee had asserted or licensed apparatus claims in the past, and both found that the patentee did not need to comply with § 287 in a later suit involving the assertion of only method claims from the same patent.

Defendants are also wrong when they say that "[t]he Federal Circuit's decision in *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co*., 853 F.3d 1370 (Fed. Cir. 2017) is instructive." DB, 12. *Rembrandt* involved a patent with no method claims. *See* Florance Dec., Ex. C (Pat. No. 8,023,580). This Court found that the patentee could avoid the notice requirements of § 287(a) by statutorily disclaiming an apparatus claim during the litigation because "Federal

---

[7]  *See also Crown Packaging,* 498 F. Supp. 2d 718, 722 (D. Del. 2007) (finding that "[t]he [license] agreement gave Belvac a non-exclusive license to make, use and sell 'Licensed Machines'" under the patent; Belvac sold at least "twenty-six" Licensed Machines it made to Crown).

Circuit precedent mandates the patent be treated as if this claim had 'never existed' as a result of the disclaimer." Case No. 2:13CV213–JRG–RSP, 2015 WL 627971, *1 (E.D. Tex. Feb. 9, 2015). The Federal Circuit reversed, holding that once § 287(a) applies (*i.e.*, by asserting the apparatus claim), "[a]llowing Rembrandt to use disclaimer to avoid the consequence of its failure to mark undermines the marking statute's public notice function." 853 F.3d at 1383. In contrast, *Crown Packaging* makes clear that if only method claims are asserted, § 287(a) does not apply in the first instance. Accordingly, in cases like this one involving only method claims, the Federal Circuit's concern about making an "end-run around the marking statute" is simply not pertinent. *Id.*

### C.  The Purpose of the Marking Statute is Irrelevant Because The Statute Does Not Apply Here

Defendants argue, citing *Wine Ry. Appliance*, 297 U.S. at 395, that "[a]llowing patentees like Intertrust to circumvent the notice requirements of § 287 by asserting only method claims from a patent that includes both method and apparatus claims—and thereby avoid marking products that are covered by the claims of the patent—would undermine the public notice function of the statute by allowing patentees to take advantage of the deception that may arise from unmarked articles." DB, 19. But the Supreme Court in *Wine Ry. Appliance* rejected this "innocent infringement" argument. In interpreting the predecessor (and substantively similar) notice statute to § 287, the Supreme Court said that if this "position is correct, ***process patents and patents under which nothing has been manufactured may be secretly infringed with impunity***, notwithstanding injury to owners guilty of no neglect. Only plain language could convince us of such an intent." 297 U.S. at 395 (emphasis added). The plain language of the notice statute, however, has not been changed by Congress to cover "process patents," and the Federal Circuit's determinations in *Bandag* and *Hanson* that "process patents" includes patents from which only method claims are asserted remains the law of the land.

Moreover, the Federal Circuit has considered and rejected the same policy arguments that Defendants make here. For example, the district court in *Crown Packaging* stated:

> The reason that the marking statute does not apply to method claims is that, *ordinarily,* where the patent claims are directed to only a method or process there is nothing to mark. Rexam's argument, that it was not required to mark because it was only asserting method claims, is at odds with the very purpose of the marking statute: to avoid innocent infringement, encourage patentees to give public notice of patent protection, and aide the public in identifying patented articles.

498 F. Supp. 2d at 728 (citing *American Medical,* 6 F.3d at 1538 and *Merck,* 434 F.Supp.2d at 263) (internal quotations omitted). The *Crown Packaging* panel also expressly restated *American Medical's* discussion of the purposes of § 287(a) in its opinion but ultimately concluded that it was irrelevant because it found the notice provisions do not apply when only method claims are asserted. 559 F. 3d at 1317 ("Because Rexam asserted only the method claims of the ʹ839 patent, the marking requirement of 35 U.S.C. § 287(a) does not apply."). Despite these policy arguments, as this Court has correctly noted, the Federal Circuit has ʺmade clear that the marking statute does not apply where a patentee has only asserted method claims, even when the patent also contains apparatus claims." *Intellectual Ventures II LLC,* 2019 WL 2959568 at *2.

Neither the district court in *Crown Packaging* nor the Defendants in this case explain why asserting only method claims from a patent with method and apparatus claims should be treated any differently than a patent with only method claims. Each claim is an independent invention, and the manner in which method claims are organized and presented in a patent—whether alone, with only other method claims, or with apparatus/systems claims—is a distinction without a difference for purposes of determining whether § 287(a) applies. *See, e.g., Leeds & Catlin Co. v. Victor Talking Mach. Co.*, 213 U.S. 301, 319 (1909) ("Claims are independent inventions."). Accordingly, the Federal Circuit's repeated refusal to extend the marking requirement to patents with only method claims provides an additional reason to deny Defendants' motion. For example, in *ActiveVideo Networks, Inc. v. Verizon Communications, Inc*., 694 F.3d 1312, 1335 (Fed. Cir.

2012), the defendant contended that § 287(a) should apply because "the claims in the method patent are simply directed to a method of using the apparatus claimed" in other asserted patents. But the Federal Circuit recognized that this "proposed rule," like the one Defendants seeks to impose, "would be a confusing mess for the district courts to try to apply," and "reaffirm[ed] the bright-line easy to enforce rule: if the patent is directed only to method claims, marking is not required." *Id.* Similarly, in *State Contracting & Eng. v. Condotte America*, 346 F. 3d 1057, 1074 (Fed. Cir. 2003), the Federal Circuit declined to apply the *American Medical* holding because "[w]e have not previously held that a patent containing only method claims is examined to see if something could have been marked in order to assess whether the notice provision applies, and we decline to do so now." It cited *Hanson* for this proposition, demonstrating once again that the Federal Circuit understood that there is no substantive difference between a patentee asserting only method claims from a patent with all method claims and one that includes unasserted apparatus claims. *Id.* (summarizing *Hanson*'s holding as "upholding decision that section 287 did not apply when only process claims were found infringed and the patent contained apparatus claims.")

### D.      Defendants' Motion Regarding the '157 Patent is Moot

Defendants seek to preclude Intertrust from recovering any damages for their infringement of the '157 patent because Intertrust asserted an apparatus claim from that patent in addition to method claims. But on September 26, 2020, Intertrust elected to drop all asserted claims of the '157 patent as part of the case narrowing process pursuant to the Second Amended Docket Control Order. *See* Florance Dec., Ex. A (Preliminary Election of Asserted Claims). Accordingly, the Court should deny Defendants' motion with respect to the '157 patent because the issue is moot.

### V.      CONCLUSION

For the reasons stated above, Defendants' motion should be denied in its entirety.

15

DATED: October 6, 2020

/s/ *Tigran Guledjian w/permission Claire Abernathy Henry*
William C. Price
California State bar No. 108542
williamprice@quinnemanuel.com
Tigran Guledjian
California State Bar No. 207613
E-mail: tigranguledjian@quinnemanuel.com
Valerie Roddy
California State Bar No. 235163
E-mail: valerieroddy@quinnemanuel.com
Jordan B. Kaericher
California State Bar No. 265953
E-mail: jordankaericher@quinnemanuel.com
**QUINN     EMANUEL     URQUHART     & SULLIVAN, LLP**
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Phone:  (213) 443-3000
Fax:  (213) 443-3100

Of Counsel:

T. John Ward, Jr.
Texas State Bar No. 00794818
E-mail: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com
Andrea L. Fair
State Bar No. 24078488
Email: andrea@wsfirm.com
Charles Everingham IV
State Bar No. 00787447
Email: ce@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

*Counsel for Plaintiff Intertrust Technologies Corporation*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served on October 6, 2020 with a copy of this document via the Court's electronic CM/ECF system.

October 6, 2020                                    _/s/ Claire Abernathy Henry_
                                                    Claire Abernathy Henry

17